UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY HOLMES,

        Petitioner,                  **ORDER**

    -vs-                                No. 00-CV-6523(VEB)

THOMAS RICKS,

        Respondent.

On December 20, 2004, this Court filed a Decision and Order dismissing petitioner Anthony Holmes' petition for a writ of habeas corpus and denying a Certificate of Appealability. *See* Docket No. 34. Judgment was entered in favor of respondent on January 5, 2006. *See* Docket No. 35.

Petitioner filed a notice of appeal on or about January 10, 2005. *See* Docket No. 35. The Court of Appeals for the Second Circuit issued mandates on June 13, 2005 (Docket No. 37), and August 19, 2005 (Docket No. 38), denying petitioner's requests for a Certificate of Appealability and for appointment of counsel.

On February 13, 2006, petitioner filed a motion pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. *See* Docket No. 39. Petitioner asserted that this Court "neglected or by mistake failed to adjudicate all of defendants [sic] claims on the merits." Motion to Vacate Judgment, ¶3 (Docket No. 39). In particular, petitioner stated that the Court failed to consider his claim that appellate counsel was ineffective in failing to argue that trial counsel was ineffective in failing to request "limiting and cautionary instructions[] to be given to the jury concerning

uncharged crimes evidence, namely an uncharged robbery." *See id.*, ¶4 (Docket No. 39).

As an initial matter, the Court observes that Holmes' Rule 60(b)(1) motion is untimely. Rule 60(b) provides in pertinent part that a motion thereunder "shall be made within a reasonable time, and for reasons (1), (2), and (3) *not more than one year after the judgment . . . was entered or taken. . . .*" Fed. R. Civ. P. 60(b). Here, Holmes specifically brought his motion pursuant to Rule 60(b)(1), which is the section dealing with "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). His motion, filed on February 13, 2006, was not filed until well after a year had elapsed since the judgment at issue was entered on January 5, 2005. Therefore, the motion is clearly untimely.

The Court notes, however, that in support of his motion, Holmes has submitted a letter addressed to the Clerk of the Court dated January 10, 2005. The Court has retrieved Holmes' file from the closed file room and cannot find a copy of this letter in the file. Assuming this letter was received by the District Court Clerk's Office, it was not docketed. In it, Holmes asserted that this Court had failed to address the issue regarding the limiting instructions and "ask[ed] this Court as to how to proceed." *See* Letter filed with Motion to Vacate (Docket No. 39). This Court was not aware of this letter, which was not treated as a motion and therefore was not docketed by the Clerk's Office. Had this Court been aware of the letter, it may have construed it as motion for reconsideration or a motion to vacate. Therefore, in the interest of fairness, the Court will consider the substance of Holmes' Rule 60(b)(1) motion.

Holmes contends that appellate counsel should have argued that trial counsel was ineffective in failing to have requested a limiting instruction regarding evidence that Holmes told his friend, Antoinette Collier, that he had robbed someone earlier in the day, that the police were

pursuing him, and that he shot a security guard because the guard was trying to stop him. Trial counsel argued strenuously against the admission of this evidence, which came in through Collier's testimony. However, the trial court held that Collier's testimony recounted a statement by Holmes against his penal interest, and that the statement was relevant and admissible evidence bearing on the issue of motive. The Court notes that trial counsel renewed his objection again after Collier testified about what Holmes had told her.

This Court discussed the trial court's admission of the uncharged crime (*i.e.*, the earlier robbery) at length in its Decision and Order, stating that such prior crimes evidence was not improper under either federal or state law where, as here, the trial court found that the earlier robbery provided background evidence necessary to complete the narrative of events and provided a context for the police officers' attempt to detain Holmes in the first place. *Accord*, *e.g.*, *Williams v. McGinnis*, No. 04-CV-1005 (NGG), 2006 WL 1317041, *11-12 (E.D.N.Y. May 15, 2006) (holding that prosecutor's opening informing the jury that petitioner was at 1430 Eastern Parkway on the day of the shooting to sell drugs and witness' testimony that she purchased crack from petitioner was relevant to establish petitioner's motive for committing the crimes charged; "[a]s the evidence was relevant and not admitted for propensity purposes, there was no error of state law and certainly no violation of 'fundamental fairness'") (citing *People v. Yanes*, 668 N.Y.S.2d 660 (App. Div.2d Dept. 1997); *Hall v. Annets*, 2004 WL 2028029, at *2 (E.D.N.Y. Sept. 7, 2004) (evidence that the petitioner threatened to harm the victim's daughter properly admitted where it assisted the jury in understanding the relationship between the parties and events leading up to the crime)).

Accepting Holmes' representation that trial counsel did not request a limiting instruction

in reference to the uncharged crime of robbery does not change this Court's conclusion that appellate counsel overall provided effective assistance and was not deficient in failing to raise this issue. First of all, it is unlikely that this claim of ineffective assistance of trial counsel would have succeeded had it been raised on direct appeal. *See People v. Johnson*, 303 A.D.2d 830, 834, 758 N.Y.S.2d 687, 691 (App. Div. 3d Dept. 2003) (at defendant's murder trial, his trial counsel elicited or permitted testimony concerning defendant's statement to the police that he had sold crack cocaine and he had groped a woman after they went to a bar together with the woman's boyfriend, and that he had been visited by family while in jail on an unrelated criminal charge; although trial counsel erred in failing to request limiting instructions with respect to these uncharged prior acts, under the totality of the circumstances, the error was not so egregious as to compromise defendant's right to a fair trial). Furthermore, it is highly unlikely that the jury's verdict would have been different if counsel had asked the judge for a limiting instruction in reference to the uncharged crime issue. *Accord Williams v. McGinnis*, 2006 WL 1317041, at *12 (rejecting claim of ineffective assistance of trial counsel where petitioner faulted counsel because he failed to move for a mistrial or curative instructions following the prosecutor's opening statement informing the jury that petitioner was at 1430 Eastern Parkway on the day of the shooting to sell drugs; when counsel did object later, the trial court held that the evidence was admissible under *People v. Molineux*, 168 N.Y. 264, 293 (1901), which holds that evidence of other crimes may be admitted to show motive; district court held that the performance of petitioner's counsel at trial did not fall below an objective standard of reasonableness, there was not a reasonable probability that "but for" the claimed errors of counsel, the trial result would have been different) (citation omitted). Even though the trial court did not give curative instructions to the jury, the admission of the uncharged crimes evidence "viewed objectively in

light of the entire record before the jury" would not have "remove[d] a reasonable doubt that would have existed on the record without it." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998).

Furthermore, Holmes raised this claimed omission specifically in his motion for a certificate of appealability, *see* Docket No. 36, but the Second Circuit Court of Appeals declined to grant a certificate of appealability as to it, or as to any of the other issues raised by Holmes.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that Holmes' motion pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure is **DISMISSED** as untimely and without merit. Because Holmes has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
   VICTOR E. BIANCHINI
   United States Magistrate Judge

DATED:    February 1, 2007
                Rochester, New York